HARVEL RAY *v.* ISAAC M. KELLY.

INFANCY. *Emancipation.* Code 1892, §§ 493-497. Code 1892, § 1508. *Trust estate.*

The emancipation of a minor, under Code 1892, §§ 493-497, authorizing the chancery court to remove the disability of infancy in certain cases, does not empower him to demand a conveyance of a trustee who holds land by a deed directing a conveyance to him when he becomes of age, since under Code 1892, § 1508 (declaratory of the common law), a minor is any person under twenty-one years of age.

FROM the chancery court of Madison county.

HON. ROBERT B. MAYES, Chancellor.

Ray, appellant, was complainant, and Kelly, appellee, was defendant in the court below.　From a decree in defendant's favor, the complainant appealed to the supreme court.　The facts are fully stated in the opinion of the court.

*W. H. Powell & Huber,* for appellant.

The deed was made and the expressions therein were used with reference to and with a knowledge of the power of the court to remove Ray's civil disabilities of minority and make him of age so far as all of his property rights and powers were concerned, and it is with property rights, not political or moral, that we are to deal.

No arbitrary meaning can attach to the words "minority" or "of age" but the words should be generally and liberally construed, not technically.

Harvel Ray has jumped his "minority" and is now "of age," and is entitled to a settlement with Kelly, and should receive a conveyance of the legal title to his property. We give the definitions of the terms. Age is defined by Bouview (Law Dictionary) as "that period of life at which the law allows persons to do acts or discharge functions which, for want of years, they were prohibited from doing or undertaking before."

Kinney, in his law dictionary, adds to this, "the period is variedly fixed by statute in different jurisdictions." This makes it evident that the words "of age" must be construed in its most general sense and cannot be limited to twenty-one years any more than it can to eighteen or twenty-five years.

The Century Dictionary defines as follows: "Age—a period of existence, an age, a life time."

See also paragraph three, and also more especially, "of age," "full age;" full age or lawful age, designates the attainment of majority, or that period when the general disabilities of infancy cease."

Such disabilities cease as surely by decree of court as by the lapse of years. Again, the same authority defines minority, "the state of being a minor or not come of age, and therefore legally incapaciated for the performance of certain acts."

We say that the incapacity is removed by law (the decree of the court) just as effectually as the incapacity was created (by the general laws of the state making twenty-one years the age of majority). The Standard Dictionary defines it as follows: "Minority, law—the state of being a minor, legal infancy." The decree has destroyed the legal state of infancy.

It may be argued that one whose civil disabilities of minority have been removed cannot vote. That is true, but it is because the constitution and statute says that one cannot vote until he becomes twenty-one years of age. Constitution, sec. 241; Code, sec. 3631. The law does not say that a minor cannot vote, but that one who is under twenty-one years of age can-

not vote. This is an arbitrary fixing of the age at twenty-one years.

If Mary Ann Ray had intended by her deed that the legal title to the property should rest with the trustees until her son became twenty-one years of age, she would have so stipulated in the bond, and her will would have become the law and left no room for construction, just as the constitution has fixed the age at twenty-one years when one can become a qualified elector.

Twenty-one years is definite and conclusive, but "of age," "minority," and "majority" are not conclusive.

The most reasonable view to take is that Mrs. Ray made a deed with a knowledge of the law, that her son's civil disabilities could be removed by the court, and that her intention was for him to have the property whenever he was deemed qualified by the law to manage it.

*Barnett & Perrin,* for appellee.

Under the common law and the Code of 1892, sections 1505, 1508, a person is a minor or an infant in law until the age of twenty-one is reached.

After the removal of the disabilities of a minor, there are many things he cannot do, such as voting, holding office, etc. The code does not authorize the court to make a minor of age, but authorizes it to remove the disabilities of minority in whole or in part. Section 497, in directing what kind of a decree shall be rendered says, . . . . "and the decree made shall distinctly specify to what extent the disabilities of the minor is removed and what character of acts he is empowered to perform notwithstanding his minority.

What was the intention of the creator of the trust? It is a fundamental rule of interpretation that words are to be given their plain, ordinary, and popular meaning. What is the plain, ordinary, and popular meaning of the phrase "becomes of age" and "during minority" in those jurisdictions where the com-

mon law rule as to majority is in force? We think there is no room for doubt that in each instance the age of twenty-one is referred to. But it will be contended that as every person is presumed to know the law, that the creator of the trust thus knowing of the power of the court to remove disabilities of minority, advisedly omitted the use of the word twenty-one and substituted other words. The maxim that ignorance of the law excuses no one, and the expression that every one is presumed to know the law are equivalents, but both are based on public policy, and neither is a rule for the construction of instruments or the interpretation of words. But if they were, appellant can derive no benefit from them, the language of the instrument is, when the minor "becomes" of age, not when he is made of age. Assuming that the creator of the trust knew the law, then the word "becomes" was used advisedly, and the omission of the additional words "or made of age," shows that the efflux of time and not a decree of the court was contemplated.

As a matter of illustration, suppose that this instrument gave an estate to the appellant to be divested after he became of age, or after his minority had ceased, would the removal of the disabilities of appellant divest his estate?

So far as appellee is concerned the most important thing for him to know and for this court to decide is whether the removal of the disabilities of appellant had destroyed the contingent interest of B. J. Barrier in the property conveyed by the instrument creating the trust. It will be observed that this instrument provides that in the event of the death of appellant during minority, etc., the property is to go to B. J. Barrier, and, in such event, the trustee is to convey the property to B. J. Barrier. The words "becomes of age" and "during minority" are evidently used in the same sense, and the same meaning is to be attached to both. There can, we think, be no question that the creator of the trust in thus providing for B. J. Barrier, had in mind not only a fixed time, but fixed the time herself, not con-

templating any changes in the status of appellant to be made by the court in the removal of disabilities of minority.

We call the court's attention to the provisions in the instrument providing for the maintenance and education of the appellant, contemplating, as we submit, that the trustee shall provide for the appellant's education and maintenance until he became twenty-one years of age. Certainly the instrument does not contemplate that such maintenance and education in the manner provided for in the instrument creating the trust should cease when the court saw fit to remove the disabilities of minority.

TRULY, J., delivered the opinion of the court.

On the 4th of June, 1890, Mary Ann Ray executed a trust deed conveying to I. M. Kelly real estate and personal property therein described, with full power to take charge of, control, manage, and direct as he might see proper, in the interest of her minor son, Harvel Ray, until he, the said Harvel Ray, shall become of age, "when the said property herein conveyed and still remaining in the hands of said trustee, shall be delivered to him, and said trustee is hereby directed to make a deed in fee simple to said lands, to said Harvel Ray, who shall thereafter hold the same absolutely," with this further provision: "Should said minor die during his minority without a wife living or issue of the body or descendants of the same, the property herein conveyed shall go to his half-brother, B. J. Barrier, or his children or descendants of the same, should he have any." The said trustee is given full power to lease or sell said property, and provide for the maintenance and education of said minor, Harvel Ray. The said Harvel Ray was eighteen years of age, as shown by this record, on June 12, 1903. On the 1st day of July, 1903, his civil disabilities of minority were removed by the chancellor in vacation. The following is the language of the order: "The civil disabilities of minority of Harvel Ray

be and they are hereby removed generally, and he is author-
ized to do and perform all acts in reference to his property or
otherwise, and make a will, and be sued and to sue, as he could
if he was of full age of twenty-one years." On the 10th day
of September, 1903, the said Harvel Ray filed his bill of com-
plaint in the chancery court of Madison county, making I. M.
Kelly, trustee, sole defendant thereto; praying that the said I.
M. Kelly be ordered by court to file a final account of trustee-
ship, and to deliver up all money in his hands due him, and to
convey to him all other property that Harvel Ray owns.   To
this bill of complaint defendant demurred, and, amongst other
grounds of demurrer, sets up that the trust created was a con-
tinuing one, and that defendant's position as trustee or guar-
dian does not terminate until the said Harvel Ray arrives at the
age of twenty-one years; also that the said B. J. Barrier was a
necessary party to the bill of complaint, and had not been
joined therein.

We find no merit in the contention of appellant that the
emancipation of the minor terminates his minority.   The terms
of the trust is the law of the trust.   It was the evident inten-
tion of Mrs. Mary Ann Ray that the trustee should remain in
full possession and control of the financial affairs of the minor
until he arrived at the age of twenty-one years.   Parties must
be considered to mean what their words imply in the usual ac-
ceptation thereof.   Section 1508, Code 1892, defines the term
"minor" to mean "any person under twenty-one years of age,"
and this is the law.   The removal of the disabilities of minority
only authorizes the making of contracts in reference to the man-
agement of the property that the emancipated minor is lawfully
the owner of.   In this case Harvel Ray will not be the owner of
the property described in the Kelly trust deed until he be-
comes twenty-one years of age.   If the trustee had been or-
dered to make a deed in fee simple to the lands in question to
the said Harvel Ray, and thereafter Harvel Ray had died dur-

ing his minority, unmarried and without issue, could it be contended that the rights of B. J. Barrier would not be prejudiced thereby?

*We think the judgment of the chancellor correct, and it is therefore affirmed.*